IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00399-MR

| | |
|---|---|
| KRYSTAL NOEL LEACH OLORUNSHOLA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's appeal of the Commissioner's decision denying her benefits. The parties have fully briefed the issues. [Docs. 10, 13].

**I.    BACKGROUND**

On June 27, 2013, the Plaintiff, Krystal Noel Leach Olorunshola ("Plaintiff"), filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of May 24, 2013. [Transcript ("T.") at 20]. The Plaintiff's claim was initially denied on May 22, 2014. [Id.]. The Plaintiff appealed and an unfavorable decision was issued on October 26, 2016. [Id.]. The Plaintiff again appealed, but the Appeals Council dismissed her request for a hearing, as no

reconsideration determination had been made. [Id.]. The claim was again denied upon reconsideration on December 13, 2018. [Id.].

Upon the Plaintiff's request, a hearing was held on April 20, 2022, before an Administrative Law Judge ("ALJ"). [Id.]. On August 10, 2022, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of May 24, 2013. [T. at 31-32]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

2

Case 3:23-cv-00399-MR    Document 15    Filed 04/17/24    Page 2 of 12

v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports

his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

**III. THE SEQUENTIAL EVALUATION PROCESS**

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of

the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to step two, where the claimant must show a severe impairment.  If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education, or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work.  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case

progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, May 24, 2013. [T. at 22]. At step two, the ALJ found that the Plaintiff has severe impairments including: "degenerative disc disease of the cervical spine; obesity; asthma; history of hernia; depression; anxiety; personality disorder; [and] schizoaffective disorder." [T. at 23]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: can tolerate frequent, but not constant, exposure to extreme cold, heat, and pulmonary irritants, such as dust, fumes, odors, gases, as well as hazards, such as unprotected heights and dangerous machinery; can understand, remember, and carry out unskilled work of a routine, repetitive nature; can maintain attention and concentration for at least 2 hour periods of time sufficient to carry out unskilled work over the course of a normal workday for a normal workweek; can adapt to routine, infrequent workplace changes at a non-production pace (meaning no assembly line/conveyor belt type jobs); occasional interaction with the general public; and frequent, but not constant, interaction with coworkers and supervisors, meaning work not requiring teamwork for task completion and not in tandem.

[T. at 25].

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. [T. at 30]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including marker, router, and housekeeper. [T. at 31]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from May 24, 2013, the alleged onset date, through August 10, 2022, the date of the decision. [Id.].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred in his evaluation of the disability rating decision of the Department of Veterans Affairs ("VA") in contravention of the Fourth Circuit's decision in Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012).[2] [Doc. 10 at 22].

In making a disability determination, the ALJ is required to consider all relevant record evidence, including disability decisions rendered by other agencies. SSR 06–03p, 2006 WL 2329939 at *6-7. The decisions by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." Id. While a determination of disability made by another governmental or nongovernmental agency is not binding on the ALJ, see 20 C.F.R. § 404.1504, the ALJ should nevertheless "explain the consideration given to these decisions," SSR 06–03p.

In Bird, the Fourth Circuit stated that "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

[2] The Court notes that although the regulations have been revised since Bird, Bird still applies to this case as the Plaintiff filed her claim for benefits prior to March 27, 2017. See Rogers v. Kijakazi, 62 F.4th 872, 878 (4th Cir. 2023).

disability determination of the other agency." 699 F.3d at 343. Accordingly, the Court held that:

> [I]n making a disability determination, the SSA must give <u>substantial weight</u> to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, <u>an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate</u>.

Id. at 343 (emphasis added).

Here, the ALJ gave "little persuasiveness"[3] to the VA's disability rating of 100%. [T. at 29]. Explaining this determination, the ALJ noted that the VA and the Social Security Administration have different definitions of disability and further explains the VA's determination process. [Id.]. The ALJ then summarily concludes that she has considered the Plaintiff's disability rating pursuant to Bird, and the rating is inconsistent with and unsupported by the Plaintiff's treatment history and examination findings. [T. at 30]. While assigning less than substantial weight to VA ratings is certainly permissible under Bird, the Fourth Circuit explicitly explained that lesser weight may be given only "when the *record before the ALJ* clearly demonstrates that such

---

[3] In her opinion, the ALJ uses both "weight" and "persuasiveness" when evaluating the evidence. [T. at 29-30].

a deviation is appropriate." 699 F.3d at 343 (emphasis added). For the ALJ to enumerate all the ways that VA and SSA disability determinations may differ in theory is simply not sufficient. The Fourth Circuit has already found "the purpose and evaluation methodology of" the VA program to be so closely related as to render a VA disability rating "highly relevant" to an SSA determination. Id. Thus, the ALJ must cite to evidence *in the record before her* in order to assign less than substantial weight to the VA's determination.

Furthermore, the medical records summarily cited by the ALJ in support of her conclusion also include evidence that does not support the same. [Id.]. For example, the ALJ's decision states that on examination, the Plaintiff presented with "mostly normal findings," but the records cited in support of this conclusion also show that on multiple occasions, the Plaintiff presented with numerous mental health symptoms consistent with the Plaintiff's severe mental impairments.[4] Curiously, the ALJ cites these same records both in support of her conclusion that the VA rating should be given

---

[4] The records cited include the following descriptions of the Plaintiff on examination: "subdued" and mildly dysphoric, "lethargic in her movements," "depressed" mood with "flat affect," "appear[ed] down [and] depressed," had "fair to poor" judgment, "irritable," "depressed" mood, "anxious, tearful" affect, appeared "dysthymic," was "observed to be mildly anxious," "appear[ed] mildly sedated," and exhibited "poor" judgment and insight. [T. at 480, 523, 531, 546, 557, 575, 754, 825, 1144, 1241-42, 1364-65, 1467]. It is also noteworthy that some of the records cited to are records of the Plaintiff's inpatient psychiatric treatment, although the ALJ never references such treatment in her analysis. [See, e.g., T. at 576].

"little weight" as well as her conclusion that state agency psychological consultant's opinion should be given "significant weight." [T. at 28, 30]. In her discussion of both opinions, the ALJ provides essentially an identical cursory explanation for her conclusion. [Id.]. The ALJ's failure to reconcile the evidence leaves the Court to guess as to how the ALJ reached her conclusions that deviation from the VA rating was appropriate, as it appears that she has cherrypicked evidence from the records that supports her conclusions but does not address contrary evidence from the same records.

Without a coherent explanation by the ALJ for apparently giving lesser weight or persuasiveness to the VA determinations, the Court cannot say that "the record before the ALJ clearly demonstrates that such a deviation is appropriate." See Bird, 699 F.3d at 343. As such, the ALJ's failure to properly weigh and explain the consideration given to the Plaintiff's disability rating by the VA frustrates meaningful review of the ALJ's decision on this issue. For this reason, the decision of the ALJ must be reversed.

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ shall properly weigh, and explain the

consideration given to, the Plaintiff's VA disability ratings as required by the Regulations and the Fourth Circuit's decision in <u>Bird</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge